IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

No. 5:11-CV-524-FL

| | | |
|---|---|---|
| DEREK J. BALLENTINE, | ) | |
| DAVID C. STRICKLAND, | ) | |
| CONNIE W. STRICKLAND, and | ) | |
| MARK E. McGILL | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | |
| | ) | ORDER |
| THE TOWN OF COATS, | ) | |
| DUNCAN EDWARD JAGGERS, | ) | |
| KELLY W. FIELDS, KENNETH M. | ) | |
| STORICKS, ANDY C. LEE, and | ) | |
| MICHAEL BLACKMAN, | ) | |
| | ) | |
| Defendants. | ) | |

This matter is before the court on defendants' renewed motion to sever plaintiffs' claims (DE # 52), directed against claims variously brought in amended complaint by plaintiffs Derek J. Ballentine ("Ballentine"), David C. Strickland ("David Strickland") and his mother, Connie W. Strickland ("Connie Strickland") (sometimes collectively referred to as the "Stricklands"), and Mark E. McGill ("McGill").[1] Issues raised are ripe for ruling. For reasons that follow, defendants' motion is granted and plaintiffs' claims will proceed separately. Also before the court is plaintiff s' motion for extension of time to file motion to compel (DE# 64), which unopposed motion is denied herein as moot, and plaintiffs' companion motion for protective order (DE# 67), denied without prejudice to renewal, for reasons also set forth below.

---

[1] McGill has since died. Motion to substitute Elizabeth Sue Davis, in her capacity as Administratrix of the Estate of Mark E. McGill, for the late McGill (DE# 65), remains pending.

## BACKGROUND

Plaintiffs proceed against defendants The Town of Coats ("Coats") and five of its employees in their individual capacities. The individual defendants include the Chief of Police of Coats, Duncan E. Jaggers ("Jaggers"), and four Coats police officers, including Kelly W. Fields ("Fields"), Kenneth M. Storicks ("Storicks"), Andy C. Lee ("Lee"), and Michael Blackman ("Blackman").

Plaintiffs weave together four alleged incidents involving various individuals to support claims of violations of their rights under the First, Fourth, and Fourteenth Amendments to the United States Constitution and the Constitution and laws of North Carolina. These incidents are denominated the "December 9, 2009 Fields/Ballentine Incident," the "March 1, 2010 Fields/Jaggers/Lee/Mark McGill Incident," the "June 1, 2010 Fields/Blackman/Storicks/David Strickland Incident," and the "August 16, 2010 Jaggers/Storicks/Lee/David and Connie Strickland Incident."

Defendants deny all allegations of wrongdoing and assert numerous defenses and immunities. Defendants urge that plaintiffs' claims arise out of separate and unrelated incidents. They move for severance with reference to Federal Rules of Civil Procedure 20, 21, and 42. A brief summary of the substance and grouping of plaintiffs' allegations is set forth below.

A. Ballentine's claims

Plaintiff Ballentine asserts that on his way to work December 9, 2009, he was stopped by defendant Fields, who brutally beat and illegally searched him before taking him before a magistrate. Plaintiff Ballentine alleges that on route to the magistrate's office, defendants Fields told him these

actions were undertaken because of a prior hostile encounter between this defendant and plaintiff.[2] Plaintiff Ballentine was charged with a violation of N.C. Gen. Stat. § 14-223, Resisting, Delaying and Obstructing.

In response to this incident, plaintiff Ballentine filed a complaint with the police department. He claims that shortly thereafter police came to his mother's house and confiscated goods in the garage, asserting they were stolen. Plaintiff Ballentine alleges the police had no warrant and no return was filed. Plaintiff Ballentine also claims that during the Christmas holidays officers came onto his mother's property and harassed her. On January 25, 2010, plaintiff Ballentine was found not guilty of the charge against him. Plaintiff Ballentine alleges that while at the courthouse, before his case was called, defendant Fields approached him repeatedly and harassed him.

B.   McGill's claims

Plaintiff McGill claims that on the evening of March 1, 2010, defendants Jaggers, Fields, and Lee went to McGill's house and questioned plaintiff about his involvement in drug activity. Plaintiff McGill allowed the officers to enter the residence. He also alleges they began searching his house without his consent. Plaintiff McGill alleges the officers planted a cigarette box under his couch which they said contained crack cocaine, but refused to let him see the box. He further asserts he asked the police to take him before a magistrate so he could show himself to be innocent, but the police refused. This plaintiff alleges that defendants told him he was now going to be an informer,

---

[2] Plaintiff Ballentine asserts that on January 29, 2004, defendant Fields began searching plaintiff Ballentine with plaintiff Ballentine's consent. Plaintiff Ballentine asserts that during the search defendant Fields reached into plaintiff Ballentine's underwear and forcefully squeezed his genitalia. In response, plaintiff Ballentine jerked away and told Fields to take his hands off of him. Plaintiff Ballentine maintains defendant Fields responded by arresting him and charging him with violating N.C. Gen. Stat. § 14-223, Resisting, Delaying, or Obstructing a law enforcement officer performing his lawful duties. Plaintiff Ballentine states that the charge was dismissed by the District Attorney's office on June 29, 2004.

3

and demanded he give them information on the drug activity of a number of his black acquaintances. Plaintiff McGill claims he responded that he did not know of any drug activity.

Plaintiff McGill also maintains that on March 8, 2010, he complained to a commissioner for Coats about the March 1, 2010 incident. On March 9, 2010, plaintiff McGill was charged with certain felony counts for drug, larceny, and other offenses. He claims the charges were instituted by defendant Fields and Jaggers in retaliation for his complaint, and as an attempt to get him to plead guilty to a cocaine charge. The charges were dismissed on April 13, 2010 by the District Attorney's office. Plaintiff McGill was arrested on the same charges again on June 22, 2010. He maintains his arrest was pursuant to an agreement among defendants Field, Jaggers, Lee, Storicks, and Blackman. The charges were dismissed on November 16, 2010, by the District Attorney's office.

C. The Stricklands' claims

On the afternoon of June 1, 2010, David Strickland, a white male who pleads that he has mainly black friends and associates, was stopped by defendant Fields while driving his father's car with a black friend in the passenger's seat. Defendants Fields and Blackman searched the car, and said they found marijuana seeds. Plaintiff David Strickland asserts any seeds in the car were planted by Fields or Blackman. Plaintiff David Strickland was charged with possession of drug paraphernalia and simple possession of marijuana, and claims he was so charged because of false statements by defendants Blackman and/or Fields. On March 24, 2011 all charges were dismissed by the District Attorney's office.

On the evening of August 16, 2010, plaintiff David Strickland alleges he was stopped by defendants Jaggers, Lee, and Storicks, who it is asserted illegally and invasively searched his person without a warrant or probable cause. Plaintiff David Strickland's mother, Connie Strickland, arrived

4

at the scene and was arrested in an altercation with the police that the Strickland plaintiffs claim the police instigated. During her arrest, it is alleged that officers used a taser device on her. Officers then arrested and used a taser device on plaintiff David Strickland. David Strickland claims that he did nothing other than verbally object to the treatment of his mother.

Plaintiff David Strickland was taken to the Harnett County Detention Center where he claims he was held with his hands hand cuffed to the bottom of a bench, forcing him to sit stooped over for more than forty (40) minutes. Plaintiff David Strickland was charged with assault on a government official and resisting a public officer and plaintiff Connie Strickland with two counts of assault on a government official and two counts of resisting a public officer. The charges against the Strickland plaintiffs were dismissed by the District Attorney's office on June 30, 2011.

Based upon the foregoing, plaintiffs collectively allege twenty (20) separate counts against defendants. Seven counts are made under 42 U.S.C. § 1983 for violations of their rights under the United States Constitution, one count of direct claims under North Carolina's Constitution, and twelve counts premised upon various North Carolina state law violations.[3] Plaintiffs maintain these violations are the result of a pattern or practice of illegal conduct by Coats's police department, and that this pattern or practice disproportionately affects minorities and those who associate with minorities.

As noted, on March 7, 2012, defendants moved to sever plaintiffs' claims so that the claims of plaintiffs Ballentine, McGill, and the Stricklands would be tried in three separate actions.[4]

---

[3] Attached hereto in addendum format for convenience of reference is a list of these twenty (20) claims, as denominated and grouped by plaintiffs in amended complaint.

[4] As defendants do not argue that David and Connie Strickland's claims are improperly joined or should otherwise be severed, for purposes of this order, discussions of "plaintiffs' claims" refer to three, not four, sets of claims: 1) Ballentine's claims; 2) the Stricklands' claims; and 3) McGill's claims.

Defendants assert plaintiffs' claims are improperly joined and that severance is necessary to prevent undue prejudice, jury confusion, and delay.

## COURT'S DISCUSSION

District courts have broad discretion in determining the scope of an action. Duke v. Uniroyal, 928 F.2d 1413, 1421 (4th Cir. 1991) (citing Person v. Miller, 854 F.2d 656, 665 (4th Cir. 1988)). A decision to deny severance is an abuse of discretion only where it deprives defendant of a fair trial. Id. A court may sever the claims of parties that are improperly joined upon motion made by the parties, or of its own accord. Fed. R. Civ. P. 21. Parties are misjoined if they do not meet the requirements for permissive joinder under Federal Rule of Civil Procedure 20. Saval v. BL Ltd., 710 F.2d 1027, 1031 (4th Cir. 1983). Under Rule 20(a),

> [p]ersons may join in one action as plaintiffs if:
>
> (A) they assert any right to relief jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and
>
> (B) any question of law or fact common to all plaintiffs will arise in the action.

Fed. R. Civ. P. 20(a)(1).

The Fourth Circuit does not appear to have spoken on whether mere allegations of a "pattern or practice" meet the joinder requirements of Rule 20(a). The undersigned recognizes that a district court within the Fourth Circuit has held such "pattern and practice" claims necessarily satisfy both the "transaction" and "common questions" prongs of Rule 20(a). King v. Ralston Purina Co., 97 F.R.D. 477, 480 (W.D.N.C. 1983), but even assuming for purposes of the instant motion that this lenient standard is the correct one to apply and the claims at issue here satisfy both prongs, severance

6

nonetheless is required.

Determining proper joinder is only the beginning of the inquiry. When considering a motion to sever, a district court must also weigh the risks of prejudice and possible confusion posed by allowing claims to proceed together in a single action. Arnold v. Eastern Air Lines, Inc., 681 F.2d 186, 193 (4th Cir. 1982). In this case, plaintiffs' claims arise out of discrete alleged instances of police misconduct involving three different sets of plaintiffs and various groupings of defendants, alleged to have occurred over the course of nine months (presaged in one instance by conduct occurring many years before pertinent to one particular plaintiff). While different plaintiffs appear to have claims in common, their claims involve alleged events taking place at different times, in different places, with different groupings of defendants.

The different evidence plaintiffs would necessarily need to prove their claims, and the types of defenses anticipated to be raised, pose a high risk of confusion, prejudice, and delay, warranting severance. See Alexander v. Fulton County 207 F.3d 1303, 1324 (11th Cir. 2000) (overruled on other grounds) (holding plaintiffs claims of workplace racial discrimination were properly joined, but if the pattern or practice of conduct alleged had been perpetrated during different time periods, by different people, or at geographically removed places, joinder of plaintiffs' claims could have caused prejudice justifying severance). After careful consideration of the substance of the claims sought to be presented, where limiting instructions would not adequately safeguard against the confusion and improper prejudice likely to accrue, the court determines that severance is necessary.

Plaintiffs argue discovery would be more efficient if their claims proceeded under one action. Defendants counter with concern that allowing the claims to proceed as joined would result in protracted discovery. The press of the court's docket has compelled some delay in ruling on

defendants' instant motion to sever. During this period, discovery has proceeded pursuant to case management order. Issues however have arisen in case administration and discovery which suggest any benefits of joinder have given way now.

Lingering on the docket at entries sixty-four (64), sixty-five (65), and sixty-seven (67) are motions for an extension of time to file a motion to compel by plaintiffs, a motion to substitute Elizabeth Sue Davis for plaintiff McGill, now deceased, and plaintiffs' motion for a protective order, respectively. Turning first to the motion to substitute (DE # 65), defendants vigorously oppose this motion, arguing that plaintiff McGill's claims abated with his death. The court will take up and decide this motion in the McGill case, and, accordingly, stays further progress of the McGill case until this pivotal issue is decided.

The remaining two motions as noted concern discovery. The breadth and width of the motion made with reference to protective order (DE # 67) highlights need for severance of plaintiffs' claims.[5]. The motion for protective order/motion to compel lodged on the docket at entry number 67 is denied without prejudice to renewal in the separate cases, as appropriate to the particular plaintiff(s), and the particular defendants at issue in each.

## CONCLUSION

For the foregoing reasons:

A.  Plaintiffs' motion to sever plaintiffs' claims (DE # 52) is GRANTED. Plaintiffs' claims will proceed as three separate actions, where the Stricklands' claims and McGill claims now are severed from the Ballentine claims. The case manager will

---

[5] The court denies as moot the motion seeking time extension (DE # 64), in light of the filing of the motion for protective order, which motion essentially reads in large part as a motion to compel

8

copy all filings to date from the Ballentine case, which will retain the above-referenced case number, into the Stricklands' case and McGill's case, each to be assigned by the clerk new case numbers and all future filings on behalf of the parties at issue shall bear reformed captions in accordance with this order and filed in the appropriate case going forward;

B. Plaintiffs' motion for extension of time to file motion to compel (DE # 64) is DENIED as MOOT;

C. Plaintiffs' motion to substitute party (DE # 65) will be considered in McGill's case. Further progress in that action now is stayed except as herein ordered, pending resolution of the motion to substitute;

D. Plaintiffs' motion for protective order, sounding in part as a motion to compel (De # 67), is DENIED WITHOUT PREJUDICE to its reformation and renewal in each case not later than fourteen (14) days from date of entry of this order. Defendants shall have fourteen (14) days within which to respond;

E. The court further ORDERS that joint reports from the parties be made in the Ballentine and Strickland cases within twenty-one (21) days from date of entry of this order. Said joint reports shall be considered with respect to this court's determination of what if any changes may be necessary to the current case schedule, in order to promote the just, speedy, and inexpensive determination of the case at issue. Said report may, among other things, suggest deadlines for conduct of remaining discovery, and other pre-trial events aligned with those addressed in the case management order. Similar report in the McGill case will be ordered upon the

9

court's decision on the motion to substitute, if the action is allowed to proceed upon substitution of the deceased's representative; and

F.  If it appears as the cases proceed to trial that the risks of prejudice and possible confusion evident now are not so great with respect to claims then remaining, and that efficiencies may then accrue, the court of its own initiative or upon request of any party may revisit the question of joinder for trial.

SO ORDERED, this the 26th day of September, 2012.

LOUISE W. FLANAGAN
United States District Judge

10

# Addendum

## PLAINTIFFS' CLAIMS FOR RELIEF

A. State law claims

Count One: False Arrest/False Imprisonment
(Against Fields by Ballentine)
(Against Fields and Jaggers by McGill)
(Against Fields and Blackman by David Strickland)
(Against Jaggers, Storicks, and Lee by David Strickland and Connie Strickland)

Count Two: Trespass to Chattels
(Against Fields by Ballentine)
(Against Fields, Blackman, and Storicks by David Strickland)

Count Three: Assault and Battery
(Against Fields by Ballentine)
(Against Fields and Blackman by David Strickland)
(Against Jaggers, Storicks, and Lee by David Strickland and Connie Strickland)

Count Four: Malicious Prosecution
(Against Fields by Ballentine)
(Against Fields and Jaggers by McGill)
(Against Fields and Blackman by David Strickland)
(Against Jaggers, Storicks, and Lee by David Strickland and Connie Strickland)

Count Five: Intentional Infliction of Emotional Distress
(Against Fields by Ballentine)
(Against Jaggers, Storicks, and Lee by David Strickland and Connie Strickland)

Count Six: False Imprisonment/False Arrest
(Against Coats by Ballentine)
(Against Coats by McGill)
(Against Coats by David Strickland)
(Against Coats by David Strickland and Connie Strickland)

Count Seven: Trespass to Chattels
(Against Coats by Ballentine)
(Against Coats by David Strickland)

Count Eight: N.C. Gen. Stat. § 15A-401
Negligent use of Excessive Force
(Against Coats by Ballentine)
(Against Coats by David Strickland and Connie Strickland)

12

Count Nine: Malicious Prosecution
(Against Coats by Ballentine)
(Against Coats by McGill)
(Against Coats by David Strickland)
(Against Coats by David Strickland and Connie Strickland)

Count Ten: Negligent Infliction of Emotional Distress
(Against Coats by Ballentine)
(Against Coats by David Strickland and Connie Strickland)

Count Eleven: Direct Claims Under North Carolina's Constitution
(Against Coats by Ballentine)
(Against Coats by McGill)
(Against Coats by David Strickland)
(Against Coats by David Strickland and Connie Strickland)

Count Twelve: N.C. Gen. Stat. § 1D-15
North Carolina Punitive Damages
(Against Fields by Ballentine)
(Against Fields and Jaggers by McGill)
(Against Fields and Blackman by David Strickland)
(Against Jaggers, Storicks, and Lee by David Strickland and Connie Strickland)
(Against Coats by all plaintiffs)

Count Thirteen: Negligent Hiring, Retention, and Supervision
(Against Coats by all plaintiffs)

B.  Federal claims

Count Fourteen: 42 U.S.C. § 1983 / First and Fourteenth Amendments
Retaliation for Engaging in Protected Speech
(Against Fields by Ballentine)
(Against Fields and Jaggers by McGill)
(Against Jaggers, Storicks, and Lee by David Strickland and Connie Strickland)

Count Fifteen: 42 U.S.C. § 1983 / Fourth and Fourteenth Amendments:
Excessive Force During Arrest
(Against Fields by Ballentine)
(Against Jaggers, Storicks, and Lee by David Strickland and Connie Strickland)

13

Count Sixteen: 42 U.S.C. § 1983 / Fourth and Fourteenth Amendments:
Arrest Without Probable Cause, Unlawful Detention, and Unlawful Initiation of Criminal Proceedings
(Against Fields by Ballentine)
(Against Fields and Jaggers by McGill)
(Against Fields and Blackman by David Strickland)
(Against Jaggers, Storicks, and Lee by David Strickland and Connie Strickland)

Count Seventeen: 42 U.S.C. § 1983
Conspiracy to Deprive Civil Rights
(Against Fields and Blackman by David Strickland)
(Against Fields, Jaggers, and Lee by McGill)
(Against Jaggers, Storicks, and Lee by David Strickland and Connie Strickland)

Count Eighteen: 42 U.S.C. § 1983
Supervisory Liability
(Against Jaggers by all plaintiffs)

Count Nineteen: 42 U.S.C. § 1983
Direct Constitutional Violation by a Decision Maker
(Against Coats by all plaintiffs)

Count Twenty: 42 U.S.C. § 1983
Policy or Custom/Failure to Train/Failure to Supervise
(Against Coats by all plaintiffs)